# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE FAWCETT, | CASE NO. 1:11-cv-01462-SKO |
| Plaintiff, | |
| v. | **ORDER ON REQUEST FOR STIPULATED PROTECTIVE ORDER** |
| COUNTY OF MADERA, et al., | (Docket No. 32) |
| Defendants. / | |

## I.  INTRODUCTION

On May 10, 2012, the parties filed a stipulated request for a protective order regarding confidential discovery materials. (Doc. 32.) The Court has reviewed the stipulation and request for a protective order and has determined that, in its current form, the Court cannot grant the request for a protective order. For the reasons set forth below, the Court DENIES without prejudice the parties' request.

## II.  DISCUSSION

**A.  The Parties Fail to Comply with Local Rule 141.1(c)**

The stipulation and proposed order do not comply with Local Rules of the United States District Court, Eastern District of California, Rule 141.1. Pursuant to Rule 141.1(c), any proposed order submitted by the parties must contain the following provisions:

 (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

 (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

 (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

  The parties comply with Local Rule. 141.1(c)(1)-(2) by providing a description of information eligible for protection ("confidential personnel information . . . including, but not limited to, employee evaluations, personnel files, and disciplinary actions"), and by showing a particularized need for protection ("disclosure . . . might impair privacy rights"). However, Local Rule 141.1(c)(3) requires that the parties show "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." The parties fail to address this requirement.

**B. The Parties Are Cautioned that the Court Will Not Issue a Sealing Order Absent Good Cause**

  The Court notes that the proposed protective order indicates that, with regards to filing information identified as "confidential" with the Court, such information "shall be filed in a sealed envelope at the expense of the producing party and marked . . . 'CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. This envelope [or container] containing the above-identified materials filed by [name of party] is not to be opened nor the contents thereof be displayed or revealed except as provided for in the Protective Order; or by court order, or by agreement of the parties.'" (Doc. 32, ¶ 9.) As such, the proposed protective order appears to indicate that information identified as "confidential" shall be filed under seal with the Court.

  Every court has supervisory power over its own records and files, and may provide access to court documents at its discretion. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In the Ninth Circuit, there is a strong presumption in favor of access to court records. *See Foltz v. State Farm Mut. Auto. Ins. Co.*,

331 F.3d 1122, 1135 (9th Cir. 2003) (stipulated order without more insufficient basis to seal court records). The party seeking to seal a document related to a motion must meet the "good cause" standard set forth by Federal Rule of Civil Procedure 26(c) that applies to protective orders. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-80 (9th Cir. 2010). Further, if the sealing request relates to documents supporting a dispositive motion, a compelling reason to seal must be set forth. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

"Blanket protective orders," like the protective order apparently at issue here, extend "broad protection to all documents produced [in litigation], without a showing of good cause for confidentiality as to any individual documents."[1] *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 790 (1st Cir. 1988). Such orders are, by their nature, overinclusive. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476.

As such, if a party seeks to file confidential information under seal with the Court, even if such a request is unopposed, the filing party must comply with the requirements set forth in Local Rule 141 concerning the sealing of documents and must make a "good cause" showing pursuant to Rule 26 or set forth a "compelling reason" if the documents are filed in support of a dispositive motion. *See Pintos*, 605 F.3d at 677-80; *Kamakana*, 447 F.3d at 1180.

### III.   CONCLUSION AND ORDER

Based on the foregoing, the Court DENIES without prejudice the parties' request for a protective order. If the parties would like the Court to consider their stipulation and request, they are directed to refile a stipulation and proposed order that comply with Local Rule 141.1(c) and correct the deficiencies set forth above.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties shall file a revised stipulation and proposed order for a protective order that comply with Local Rule 141.1(c) and correct the deficiencies set forth in this order;

---

[1] Blanket protective orders typically extend broad protection to all documents produced during discovery without a showing of good cause with respect to any individual document.

Case 1:11-cv-01462-SKO   Document 36   Filed 05/21/12   Page 4 of 4

2. The parties shall email a conforming copy of the stipulation and proposed order to skoorders@caed.uscourts.gov; and

3. If, upon further consideration, the parties determine that there is no need for a Court order due to a private agreement between them, they shall withdraw their request for a protective order.

IT IS SO ORDERED.

**Dated:     May 21, 2012**                              **/s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE

4