William C. Hahesy, #105743
**LAW OFFICES OF WILLIAM C. HAHESY**
225 West Shaw Avenue, Suite 105
Fresno, CA  93704
Telephone (559) 579-1230
Facsimile (559) 579-1231
Email: bill@hahesylaw.com

Attorney for Defendants
COUNTY OF MADERA and MICHAEL KEITZ

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

GEORGE FAWCETT,

       Plaintiff,

    v.

COUNTY OF MADERA and MICHAEL KEITZ,

       Defendants.

Case No.  1:11-cv-01462-SKO

**AMENDED STIPULATION AND PROTECTIVE ORDER**

WHEREAS, discovery in the above-entitled action may involve reference to certain confidential personnel information, disclosure of which might impair privacy rights, such information including, but not limited to, employee evaluations, personnel files, and disciplinary actions;

WHEREAS, discovery in the above-entitled action may involve reference to the contents of certain criminal case files maintained by the District Attorney for the County of Madera, the contents of which could include sensitive or confidential information concerning the cases or matters relating thereto;

WHEREAS, discovery in the above-entitled action may include communications with different law enforcement or other state agencies relating to personnel matters, criminal cases and internal investigations, the disclosure of which could include personnel matters and sensitive law enforcement information, all the above of which shall hereinafter be referred to as

1

"CONFIDENTIAL;"

WHEREAS, the criminal files contain information that is particularly sensitive, including information relating to internal matters at the District Attorney's Office for the County of Madera and information concerning the defendant or defendants and other persons in those cases, which information is particularly sensitive and needs to be protected by a court order due to its sensitivity and cannot be reasonably addressed only by a private agreement between the parties;

WHEREAS, the confidential personnel information includes information relating at times to persons who are not parties to this case, is otherwise sensitive and needs to be protected by a court order instead of only by a private agreement;

WHEREAS, the files also contain information presented to or discussions with other government agencies, including law enforcement agencies, which needs to be protected by court order because of the sensitive nature of the information and not by a private agreement only.

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto through their respective counsel of record that the following Order be executed and entered forthwith:

IT IS HEREBY ORDERED, upon consent of the parties, that they and their attorneys treat such "CONFIDENTIAL" materials in a manner consistent with the protective provisions set forth below:

1.     Whenever the parties produce or disclose any documents that the producing party wishes to be subject to this Protective Order, the producing party may designate the same or any portion of the same as "CONFIDENTIAL."

2.     Any information submitted in this proceeding either voluntarily or pursuant to order of this Court must be clearly marked by either party as "CONFIDENTIAL," to be subject to this Order.  Documents consisting of more than one page in which the subject matter is integrated, such as records, reports, letters, etc., shall bear the "CONFIDENTIAL" marking on the first page of each such document and so shall designate the entire document as confidential.

3.     <u>Production of Documents</u>:  In the event the parties elect to produce files and

1  records for inspection and the inspecting party desires to inspect them, confidential documents

2  shall be designated "CONFIDENTIAL."

3         4.       With respect to depositions, parties shall have fourteen working days after the

4  receipt of the deposition transcripts within which to inform the other parties to the action which

5  portions of the transcript are to be designated as "CONFIDENTIAL."  Until such time has

6  elapsed, deposition transcripts are to be considered as marked "CONFIDENTIAL" in their

7  entirety.  In the event the transcript is received within three weeks of the date of the trial, a party

8  shall have half of the time remaining until the date of the trial to designate a transcript

9  "CONFIDENTIAL."  Any party objecting thereto shall have half of the time until trial

10  remaining upon receipt of the designation, or until two days prior to trial, to object thereto in

11  writing to the designation, whichever occurs first; and the designating party shall have until the

12  date of trial to move the Court for an order regarding the confidentiality of the transcript.  Until

13  such time has elapsed, deposition transcripts are to be considered as marked

14  "CONFIDENTIAL" in their entirety.

15         5.       Use of Confidential Information:  No matter designated as "CONFIDENTIAL"

16  shall be disclosed by the receiving party to anyone other than persons designated herein and

17  shall be handled in the manner set forth below, and in any event, shall not be used for any

18  purpose other than in connection with this litigation, unless and until such designation is

19  removed either by agreement of counsel for the parties or by order of the Court.  The receiving

20  party shall not disclose any documents marked "CONFIDENTIAL," its contents, or the

21  organization of items marked "CONFIDENTIAL" to any person not subject to this Order.

22         6.       Access to Confidential Order:  Documents and deposition transcripts designated

23  "CONFIDENTIAL" shall in the absence of permission from the producing party or any order of

24  the Court, be disclosed by the receiving party to only the following:

25                (a)       Counsel for such parties, including their associates, clerks, secretarial and

26  clerical personnel:

27                (b)       Qualified persons taking testimony involving such information and

28  necessary stenographic and clerical personnel thereof;

_____

(c)     Experts and their staff who must be consulted by counsel for the receiving party;

(d)     Parties to the litigation;

(e)     Witnesses at deposition or trial; and

(f)     The Judge and jury.

7.     Material designated "CONFIDENTIAL" shall not be disclosed to any person designated in paragraph 6 (a) through (e) until he/she has been advised of the existence of this Protective Order and acknowledged in writing acceptance of the terms herein.

8.     All material designated "CONFIDENTIAL" by the parties and any and all reproductions and summaries thereof or memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by experts and their staff who must be retained and consulted by counsel of record, or by the Judge and jury and by each of them.

9.     Filing with Court:  Any documents produced in discovery, answers to interrogatories, and deposition transcripts which are designated "CONFIDENTIAL" and which are filed with the Court shall be filed in a sealed envelope at the expense of the producing party and marked on the outside with the title of the action, and identification of each document within and a statement substantially in the following form:

> "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER."
> This envelope [or container] containing the above-identified materials filed by [name of party] is not to be opened nor the contents thereof be displayed or revealed except as provided for in the Protective Order; or by court order, or by agreement of the parties."

10.     Unauthorized Use:  If information designated "CONFIDENTIAL" is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, as soon as possible, bring all pertinent facts relating to such disclosure to the attention of the producing party and the Court immediately.  Without prejudice to other rights and remedies of the producing party, the disclosing party shall make every effort to prevent further disclosure on its own part or on the part of the person who was the recipient of such information.

AMENDED STIPULATION AND PROTECTIVE ORDER

1    11.    <u>Return of Confidential Information</u>:  Within thirty days of the termination of this

2    litigation, whether by settlement or by trial on the merits, each party that is subject to this Order

3    shall assemble and return all items designated "CONFIDENTIAL," including all copies of such

4    matter which may have been made, regardless of whether the items are duplicates of materials

5    received from sources not subject to this Protective Order, but not including copies containing

6    notes or other attorney's work product that may have been placed thereon for the receiving

7    party.  All copies containing notes or other attorney's work product may be retained by the

8    receiving attorney subject to the terms of this Protective Order.  The attorney shall provide a

9    written certification that all such that all such copies have been destroyed in accordance with the

10   request by the producing party.  Receipt of material returned shall be acknowledged in writing.

11   12.    <u>Objection to Designation</u>:  Neither the taking of any action in accordance with

12   the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a

13   waiver of any claim or defense in this action.  Moreover, the failure to designate information in

14   accordance with this Order shall not preclude the filing of a motion at a later date seeking to

15   impose such designation, if such motion is filed no later than within seven working days

16   following the close of discovery.

17   13.    The entry of this Order shall not be interpreted as a waiver of any right to object

18   to the furnishing of information in response to discovery or to object to a requested inspection

19   of documents or facilities and, except as expressly provided, shall not relieve any party of the

20   obligation of producing information in the course of discovery.

21   14.    A party receiving an item which has been designated "CONFIDENTIAL" may

22   object in writing to such designation within thirty days of the date of receipt of the item.  The

23   producing party shall have twenty-one days from the date of receipt of such written objection to

24   move the Court for an order upholding the "CONFIDENTIAL" status of such items, and failure

25   to so move shall constitute a waiver of the designation of the status of such item as

26   "CONFIDENTIAL."  During the pendency of such motion such item involved shall be treated

27   in accordance with its designated status of "CONFIDENTIAL."

28

AMENDED STIPULATION AND PROTECTIVE ORDER

PENNER, BRADLEY & SIMONIAN

DATED: _____5/25/12_____        By:    ____/s/ Peter S. Bradley_____
                                        PETER S. BRADLEY
                                        Attorney for Plaintiff,
                                        GEORGE FAWCETT


DATED: _____5/26/12_____        By:    ____/s/ William C. Hahesy_____
                                        WILLIAM C. HAHESY
                                        Attorney for Defendants, COUNTY OF
                                        MADERA and MICHAEL KEITZ

## ORDER

IT IS SO ORDERED in accordance with the above Stipulation.  Any party seeking to file documents which are subject to this Protective Order with the Court shall comply with Local Rule for the Eastern District of California Rule 141.


IT IS SO ORDERED.

Dated:   **June 8, 2012**                        **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE